# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBIN M. LEE,

    Petitioner,

vs.

BAR ASSOCIATION, *et al.*,

    Respondents.

Case No.:2:13-cv-1551-JAD-PAL

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter has not been properly commenced because petitioner submitted incomplete financial paperwork. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate to his application to proceed *in forma pauperis*. Petitioner in the instant action has failed to submit an *in forma pauperis* application that provides the necessary financial information. Petitioner failed to include a copy of his inmate account statement and failed to submit a financial certificate signed by an authorized prison or jail officer. The Court is unable to see, *inter alia*, the regularity and amount of any incoming funds as well as the extent to which petitioner is making discretionary expenditures that instead could be applied to payment of the filing fee.

1  Additionally, the petition was not submitted on the Court's approved form. The Local Rules
2  of Court require petitioners appearing in *pro se* to file their petitions on the Court's approved form.
3  Local Rules of Special Proceedings 3-1 ("a petition for a writ of *habeas corpus*, filed by a person
4  who is not represented by an attorney, shall be on the form provided by this court."). The Clerk of
5  Court will provide plaintiff with the approved form for filing a *pro se* petition for a writ of habeas
6  corpus. Petitioner may file a new petition on the proper form by initiating a new action.

7  Due to the defects presented, the pauper application will be denied, and the present action
8  will be dismissed without prejudice to the filing of a new petition in a new action with a pauper
9  application with all required attachments. It does not appear from the papers presented that a
10  dismissal without prejudice would result in a promptly-filed new petition being untimely. In this
11  regard, petitioner at all times remains responsible for calculating the running of the federal limitation
12  period as applied to his case, properly commencing a timely-filed federal habeas action, and
13  properly exhausting his claims in the state courts.

14  **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (Doc. 1)
15  is **DENIED** and that this action is **DISMISSED WITHOUT PREJUDICE** to the filing of a new
16  petition in a new action with a properly completed pauper application with all new and complete
17  financial attachments.

18  **IT IS FURTHER ORDERED** that petitioner's motion for an order (Doc. 2) is **DENIED.**

19  **IT IS FURTHER ORDERED** that the Clerk of Court shall send petitioner two copies each
20  of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital
21  Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the
22  papers that he submitted in this action.

23  **IT IS FURTHER ORDERED** that petitioner may file a new petition and *in forma pauperis*
24  application in a new action, but he may not file further documents in this action.

25  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

26

2

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong.

Dated April 21, 2014.

_____
UNITED STATES DISTRICT JUDGE